IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DENNIS SHEFFIELD, #217 050, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-537-ECM-JTA |
| | ) [WO] |
| GOVENOR KAY IVEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

Plaintiff, an inmate incarcerated at Donaldson Correctional Facility, filed this 42 U.S.C. § 1983 action on July 29, 2020. He challenges the conditions of confinement at this facility including deficiencies in staffing, supervision, security, and overcrowding which he claims resulted in prison officials' inability to protect him from an inmate assault.  Plaintiff names as defendants Governor Kay Ivey, Commissioner Jefferson Dunn, and Kenneth Peters, the Warden of Donaldson Correctional Facility. Doc. 1.

The Donaldson Correctional Facility is in Bessemer, Alabama.  Bessemer, Alabama, is within the jurisdiction of the United States District Court for the Northern District of Alabama. Upon review, the court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404.[1]

---

[1] Plaintiff has submitted an application for leave to proceed *in forma pauperis.*  Doc. 2. The court finds assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

The Donaldson Correctional Facility is within the jurisdiction of the United States District Court for the Northern District of Alabama. Although Plaintiff complains generally about overcrowding within the Alabama Department of Corrections, the matter specifically challenged by Plaintiff occurred at the Donaldson Correctional Facility which is a prison in the Northern District of Alabama. The complaint indicates that Defendant Kenneth Peters and the individuals personally responsible for the conditions at the Donaldson Correctional Facility about which Plaintiff complains reside in the Northern District of Alabama. Although by virtue of their positions as Governor of Alabama and Commissioner of the Alabama Department of Corrections Defendants Kay Ivey and Jefferson Dunn reside in the Middle District of Alabama, they are nonetheless subject to service of process throughout the State and commonly defend suits in all federal courts of this state. Finally, the witnesses to the actual conditions present and actions which occurred at the Donaldson Correctional Facility reside in the Northern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404(a).

It is further

ORDERED that on or before **August 17, 2020**, Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[2] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

DONE on this 31st day of July, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE